SOLOMON LOSICK AND ANGELINA LATRONICO, RELA-
TORS, v. GEORGE C. GREENE, BUILDING INSPECTOR
OF THE TOWNSHIP OF WEEHAWKEN, ET AL., RE-
SPONDENTS.

Argued May 6, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relators, *Gross & Gross*.

For the respondents, *William C. Asper*.

PER CURIAM.

This is a zoning case. It is before this court on a rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued directing the building inspector and the township committee of the township of Weehawken to grant to the relators a building permit. The relators desire to erect a five-story apartment house on a tract of land in said township owned by them. An application was made to the building inspector. He referred the matter to the township committee. The township committee refused to allow the building inspector to issue the building permit upon the ground that it violated the zoning ordinance of the township. The proposed building was not in an apartment house zone. No other reason was assigned for the refusal of the application. The relators appeared before the board of adjustment of the township by an attorney. The attorney was informed that the board of adjustment had no jurisdiction. The relators then applied for and obtained the rule to show cause.

In the recent case of Koplin *v.* Village of South Orange et al., the constitutional amendment with reference to zoning, which was approved and ratified by the voters of this state on September 20th, 1927, and took effect on October 18th, 1927, and the statute enacted by the legislature pursuant to the power conferred by the constitutional amendment, known as chapter 274 of the laws of 1928, were considered. A reference to this case will give fully the reasons for the decision which we have arrived at in the present case, which is to the effect that the rule to show cause should be discharged. The power to issue a writ of *mandamus* is a discretionary one. We feel it would be an abuse of power for this court to direct a municipality to grant a permit for the erection of a building, the existence of which, if erected, has already been declared by legal authority to be a menace to the safety of the community.

If the relators desire to review the action of this court they are hereby given permission to enter a rule allowing and directing the molding of the pleadings to that end.

The rule to show cause is discharged and the writ of *mandamus* denied accordingly.